1  MONICA Y. KIM (State Bar No. 180139)
   DAVID B GOLUBCHIK (State Bar No. 185520)
2  LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
3  10250 Constellation Boulevard, Suite 1700
   Los Angeles, CA 90067
4  Telephone:    (310) 229-1234
   Facsimile:    (310) 229-1244
5  Email: myk@lnbyb.com; dbg@lnbyb.com

6  Attorneys for Todd A. Frealy,
7  Chapter 7 Trustee

8

9            UNITED STATES BANKRUPTCY COURT
             CENTRAL DISTRICT OF CALIFORNIA
10                  RIVERSIDE DIVISION

11

| In re:                                              | Case No.: 6:17-bk-14082-SY                                   |
|-----------------------------------------------------|--------------------------------------------------------------|
| T3M INC., a Delaware corporation,                   | Chapter 7                                                    |
| f/k/a T3 MOTION, INC., a Delaware corporation,      |                                                              |
|                                                     | **STIPULATION REGARDING**                                    |
| Debtor.                                             | **RELIEF FROM STAY FOR USE OF**                              |
|                                                     | **INSURANCE PROCEEDS**                                       |

16      TODD A. FREALY, Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate of T3M,

17  Inc. ("**Debtor**"), and MI "MICHAEL" ZHANG ("**Zhang**"), NOEL CHEROWBRIER

18  ("**Cherowbrier**"),  KI NAM ("**Nam**") and YI BING "DAVID" LIU ("**LIU**"), (collectively,

19  the "**D&Os**," and together with all other directors, officers, or other persons who are insured

20  under the Policy (defined below), the "**Insureds**"), by and through undersigned counsel,

21  stipulate and agree as follows:

22

1

# I. RECITALS

**A.     Bankruptcy Case**

**WHEREAS**, on May 15, 2017 ("**Petition Date**"), the Debtor filed a voluntary petition under Chapter 11 of title 11 of the United States Code, thereby initiating the above-styled bankruptcy case ("**Bankruptcy Case**" or "**Estate**");

**WHEREAS**, on September 26, 2017, the Court entered an Order [ECF No. 147] converting the Debtor's Chapter 11 bankruptcy case to a Chapter 7 bankruptcy case;

**WHEREAS**, on September 27, 2017, the Court approved the appointment of Todd A. Frealy as the Chapter 7 Trustee of the Debtor's Estate;

**WHEREAS**, the Trustee continues to administer the Debtor's assets and Estate;

**B.     Adversary Proceeding**

**WHEREAS**, on March 1, 2018, the Trustee filed an Adversary Complaint ("**Complaint**") against the D&Os, thereby initiating the adversary proceeding in this Court styled *Todd A. Frealy, Chapter 7 Trustee v. Mi "Michael" Zhang*, et al, Adversary No. 2:18-ap-01053-sy ("**Adversary Proceeding**");

**WHEREAS**, the Trustee's Complaint seeks damages based on allegations of, *inter alia*, (1) breach of fiduciary duties, (2) fraud, (3) conversion, (4) negligence, (5) unjust enrichment, and (6) accounting damages (together with any and all other claims the Trustee has identified or asserted or could assert against the Insureds and all defendants named in the Adversary Proceeding in any manner or that might implicate the Policy, including without limitation, in the Bankruptcy Case, the Adversary Proceeding, or otherwise relating to the operations of the Debtor, and/or any bankruptcy actions or other claim or action, collectively, "**Claims**");

2

**WHEREAS,** the Trustee asserts there is merit to the Claims, and the Insureds assert there is not; but each recognizes that it is in their best interests to try and amicably resolve their differences out of court through an agreed alternative dispute resolution process;

**WHEREAS,** neither the Insureds nor the Insurer admits to any liability, nor do they waive any defenses to any Claims raised in the Debtor's Bankruptcy Case, the Adversary Proceeding, or any other Claims that may be asserted by any party under the Policy;

**WHEREAS,** the Insurer has raised questions as to whether coverage is in fact afforded with respect to any Claims against the D&Os, makes no admission as to whether the D&Os and any other alleged Insured are actual "Insureds" as defined in the Policy, and reserves all rights and defenses available to it under the Policy and applicable law;

**WHEREAS,** special settlement counsel is discussing with Trustee's counsel the possibility of settlement of some or all of the Claims under the Policy, and has requested that the Trustee obtain an order holding that payment under the Policy is not subject to the Automatic Stay of 11 U.S.C. § 362 (**"Automatic Stay"**);

**WHEREAS,** the Trustee and D&Os (collectively, the **"Parties"**) agree and understand that any settlement of the Claims on account of the Policy will be subject to approval of the Bankruptcy Court pursuant to Fed. R. Bankr. P. 9019;

**C.    Defense Costs**

**WHEREAS,** prior to the Petition Date, the Insurer issued an "Executive Edge" insurance policy to the Debtor, providing certain coverage to the Insureds for the period from March 4, 2017 to March 4, 2018 (**"Policy Period"**) under Policy Number 01-277-10-42 (together, as applicable, with any and all other policies with any other insurer that provided directors' and officers' coverage relating to the Debtor, including any and all declarations,

3

amendments, supplements, and endorsements, and subject to all of the policies' terms, conditions and exclusions, collectively, the "**Policy**");

WHEREAS, the Policy defines "Defense Costs" in relevant part, as the "reasonable and necessary fees, costs and expenses consented to by the Insurer . . . resulting solely from (i) the investigation, adjustment, defense and/or appeal of a Claim against an Insured ...." *See* Policy @ p. 18. The Policy further provides that, subject to certain conditions, the Insurer shall "advance . . . covered Defense Costs. . . on a current basis, but no later than 90 days after the Insurer has received itemized bills for those Defense Costs. . ." Policy @ p. 9;

WHEREAS, the Policy contains an "Order of Payments" clause giving priority to the payment of Losses arising from a covered Claim against the individual Insureds over the payment of Losses arising from a covered Claim against the Debtor. *See* Policy @ p. 3;

WHEREAS, the Insurer has requested the Trustee to consent a form of relief from stay order pursuant to which payment by the Insurer on account of the Policy will not be deemed a violation of the automatic stay provisions of the Bankruptcy Code.

## II. AGREEMENT

The Parties jointly request that the Court enter an order in the form attached as Exhibit A confirming that (1) any payment under the Policy is not subject to the Automatic Stay of 11 U.S.C. § 362; and (2) any settlement of the Claims on account of the Policy will be subject to approval of the Bankruptcy Court pursuant to Fed. R. Bankr. P. 9019.

In accordance with the Insurer's policies and procedures, the Parties further agree that:

(1)      The Automatic Stay imposed by 11 U.S.C. § 362(a) of the Bankruptcy Code (and/or any subsequent injunction), to the extent applicable, is modified and lifted to allow the Insurer, in its sole and exclusive discretion, to settle, advance and make payment from the Proceeds of the Policy on behalf of any and all Insureds under the Policy, either jointly or

4

severally, for (i) any and all Claims that have been or may be made by the Trustee against any of the Insureds, whether direct or indirect, (ii) any and all other applicable Loss covered under the Policy related to the Claims and the Adversary Proceeding, and (iii) any and all Defense Costs, including payments for fees and expenses to defense counsel, experts, or other third-party professionals and vendors, who may be retained on behalf of the Insureds, that have already incurred or will be incurred in connection with any such Claims or Adversary Proceeding, pursuant to the Policy ("**Approved Payments**").

(2)    The Insurer shall be authorized and allowed, but not directed, to make the Approved Payments on behalf of Insureds under the terms of the Order approving this Stipulation. The Insurer, in accordance with the Policy and subject to all rights of the Insureds and their counsel, shall determine if the Approved Payments are reasonable and necessary, and no further motion, notice or court order shall be necessary for the Insurer to make the Approved Payments.

(3)    The Approved Payments shall reduce the Limits of Liability of the Policy and shall not be considered a violation of the Automatic Stay, nor shall they be considered property of the Debtor's Estate.

(4)    The Trustee, Debtor, any subsequent trustee, or any other party are not allowed to recover any payment of Defense Costs, including attorneys' fees, advanced in accordance with the terms of the Policy and the Order approving this Stipulation.

(5)    Upon Trustee's reasonable request in writing, Insurer shall provide notice and an accounting to the Trustee of the dates and amounts of Defense Costs paid from the Policy proceeds.

5

(6)    Nothing in this Stipulation or the Order approving this Stipulation shall constitute (i) a waiver, modification, or limitation of the contractual rights and obligations provided for in the Policy or the Insurer's reservation of all of its rights, remedies and defenses under the Policy; or (ii) a finding that such sums are due and owing under the Policy.

Dated: July 29, 2018                    LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

By: _____
    MONICA Y. KIM
    DAVID B GOLUBCHIK
    Attorneys For Chapter 7 Trustee and Plaintiff

Dated: July 17 2018                     POLIS & ASSOCIATES, P.C.
                                        And
                                        SAMUELS, GREEN & STEELE, LLP

By: _____
    THOMAS J POLIS
    SCOTT ALBRECHT
    Attorneys For Defendants

#6514951 v1

6

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled: **STIPULATION REGARDING RELIEF FROM STAY FOR USE OF INSURANCE PROCEEDS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 24, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Scott R Albrecht     scott.albrecht@sgsattorneys.com, jackie.nguyen@sgsattorneys.com
- Todd A Frealy     taf@lnbrb.com
- Todd A. Frealy (TR)     taftrustee@lnbyb.com, taf@trustesolutions.net
- David B Golubchik     dbg@lnbyb.com, dbg@ecf.inforuptcy.com
- Monica Y Kim     myk@lnbrb.com, myk@ecf.inforuptcy.com
- Lewis R Landau     Lew@Landaunet.com
- Kenneth T Law     ken@bbslaw.com
- Albert T Liou     aliou@lkpgl.com, fcastro@lkpgl.com
- Kerri A Lyman     klyman@irell.com
- Sean A OKeefe     sokeefe@okeefelc.com, seanaokeefe@msn.com
- Juliet Y Oh     jyo@lnbrb.com, jyo@lnbrb.com
- Aram Ordubegian     ordubegian.aram@arentfox.com
- Carmela Pagay     ctp@lnbyb.com
- Thomas J Polis     tom@polis-law.com, paralegal@polis-law.com;r59042@notify.bestcase.com
- William B Skinner     will@skinneresq.com
- Mohammad Tehrani     Mohammad.V.Tehrani@usdoj.gov
- United States Trustee (RS)     ustpregion16.rs.ecf@usdoj.gov
- William J Wall     wwall@wall-law.com
- Beth Ann R Young     bry@lnbyb.com

**2.** <u>**SERVED BY UNITED STATES MAIL**</u>: On **July 24, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ *Service information continued on attached page*

**3.** <u>**SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**</u> (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 24, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

***Served via Overnight Mail***
Hon. Scott H. Yun
United States Bankruptcy Court
3420 Twelfth Street, Suite 345
Riverside, CA 92501-3819

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                        **F 9013-3.1.PROOF.SERVICE**

1  I declare under penalty of perjury under the laws of the United States of America that the foregoing is
   true and correct.

2  July 24, 2018                Lisa Masse                      /s/ Lisa Masse
   _____             _____              _____
   *Date*                        *Type Name*                   *Signature*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                              **F 9013-3.1.PROOF.SERVICE**